THE FIRST NATIONAL BANK OF FAYETTEVILLE v. D. W. CLARK.

ORDERS. *Assignment of claim. Office and officers. Clerk and master.* Where a clerk and master accepts an order on him, for a fund to be collected by him, on condition that the order is presented on the day the notes fall due: *Held*, that his liability depends upon the presentation of the order at that time.

FROM LINCOLN.

Appeal from the Circuit Court. ———, Judge.

No counsel marked.

McFARLAND, J., delivered the opinion of the court.

In certain causes pending in the chancery court at Fayetteville, an order was made directing the clerk and master and special commissioner, out of the first funds coming to his hands from the sale of the lands in the cause, to pay J. W. Newman $300, with interest from the date of the order, as part of the cause, first retaining a sufficiency to pay the court costs. On the 17th of April, 1875, J. W. Newman drew his order, addressed to D. W. Clark, clerk and special commissioner, directing him to pay the amount to the First National Bank of Fayetteville. The or-

der also guaranteeing the payment of the same to the bank by the 15th of April, 1876. Upon the same day this order was presented to Clark, and he endorsed thereon as follows:

"I, Davis M. Clark, clerk and master, will pay the above amount out of the first funds that come into my hands out of the funds in the above causes, when the same is paid into court, after paying all charges on said fund and all costs according to decrees, *when same is presented for payment, on day the notes become due.* (Signed) D. W. Clark."

The order was not presented for payment on the day the notes became due. The order was given by Newman to Woodward, cashier of the bank. On the 11th of February, 1876, having forgotten the previous order to the bank, Newman directed the money to be paid to E. S. Allen, and it was paid accordingly. Before doing this, having some uncertainty in his mind as to the matter, Newman asked Wood, the president of the bank, if he had transferred him the fee. Wood, understanding this enquiry to relate to a transfer to him personally, and not knowing of the transfer to the bank, answered in the negative. This satisfied Newman that he had not previously transferred it, and he accordingly directed the money paid to Allen. Wood, the president of the bank, was one of the sureties upon the land notes out of which the $300 was to be paid, and judgment had been taken against him. Clark, when ordered to pay the money to Allen, collected it from Wood for the purpose. Under these facts the bank, by its action, seeks to recover

the amount of the order from Clark, but failed in the action.

The order of Newman transferred his right in the fund to the bank. As between them, this was complete. But Clark had no interest in the matter—was a mere officer of court, and bound only to pay out the fund according to orders and decrees in the cause. Had there been an order or decree becoming part of the record directing the money to be paid to the bank, Clark's payment to any one else would not have released him. But he was not bound to accept this order, and any acceptance made by him might well be accompanied by such conditions as he deemed necessary for his own protection. Having no interest in the matter, his promise not resting on any consideration, the law of banks and commercial paper would not apply, and it would only be a question whether the subsequent payment of the money on the order of Newman to another party was, under the circumstances, such a wrong upon the part of Clark as should render him liable to the bank for the money. Although Clark had notice of the assignment, he was not the debtor, but, as we have said, merely an officer of court, and perhaps knowing the danger of forgetting or losing sight of the order or transfer, he annexes as a condition upon which he undertook to see that the money was paid on this order—that it should be presented on the day these land notes fell due. Had this been done, he might have protected himself. We do not hold that the right of the bank to the fund as against Newman depended upon a pre-

sentation for payment on that day; but under the facts of this case, the right of the bank to hold Clark liable for having paid the fund to the wrong party did depend upon such presentation.

Such was the opinion of the circuit judge, and his opinion will be affirmed.